UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STAVROULA ARVANITAKIS,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-1232 (CBA)

**AMON, Chief United States District Judge.**

Plaintiff Stavroula Arvanitakis, proceeding pro se, has petitioned for review of the Commissioner's denial of disability insurance benefits. The parties have cross-moved for judgment on the pleadings.

Having carefully reviewed and considered the decision of Administrative Law Judge ("ALJ") Seymour Fier, the record, and the parties' submissions, this Court denies the defendant's motion for judgment on the pleadings. In finding that, despite Arvanitakis's medical condition, she retained the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a), ALJ Fier failed to properly apply the treating physician rule, which "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Here, the ALJ improperly discounted the assessments of two of Arvanitakis's treating physicians, Dr. Enrico Ocampo and Dr. Thomas Mastakouris, as to her ability to perform a full range of sedentary work. Although the ALJ accorded "great weight" to the opinion of Dr. Richard Wagman, a non-treating expert, Dr. Wagman testified that he agreed with Dr. Ocampo, Dr. Mastakouris, and Mr. Tsolis that Arvanitakis was limited to "sedentary work at best." (Tr.

1

1060 (emphasis added).) ALJ Fier also failed to specifically address the medical evidence submitted by Dr. Joseph Tibaldi, who treated Arvanitakis for panhypopituitarism.

Only where the record is "sufficiently complete" and provides "persuasive evidence of total disability," rendering further proceedings pointless, should the district court award benefits itself and remand simply for calculation of such benefits. Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 1999). The Court has concluded that this standard has not been met. Therefore, this case must be remanded for further administrative proceedings.

However, before this Court will issue a formal opinion remanding this action for further administrative proceedings, Arvanitakis should advise the Court if she wishes to proceed under the terms of the Padro v. Astrue class action settlement, which will likely accord her with the same or greater relief. The defendant should advise the Court as to whether Arvanitakis is eligible for such relief under the settlement.

SO ORDERED.

Dated: March 31, 2014
       Brooklyn, New York

/S/ Judge Carol B. Amon
Carol Bagley Amon
Chief United States District Judge